every part thereof, is not owned unconditionally. This policy does not say that if any part of the insured property is not owned by the insured, unconditionally, the whole policy shall be void, as in the case of Smith v. Insurance Co., 118 N. Y. 526, 23 N. E. Rep. 883. In that case the language of the policy was as follows: "It is expressly stipulated in this policy that if either the real or personal property, or any part of it, be incumbered, it must be so reported to the company in the application; otherwise, the entire policy, and all and every part of it, shall be void." An examination of the above case, and those below cited, will show the distinction between cases where policies of insurance, as to real and personal property, are severable or otherwise. See Schuster v. Insurance Co., 102 N. Y. 260, 6 N. E. Rep. 406; Merrill v. Insurance Co., 73 N. Y. 452; Dacey v. Insurance Co., 21 Hun, 84; Holmes v. Drew, 16 Hun, 491. Plaintiff, then, should recover for the hay and press, and interest on the sum insured from the time the loss was payable by the terms of the policy.

Argued before MAYHAM, P. J., and HERRICK, J.

Wilmer H. Dunn, for appellant.

Beckwith & Wheeler, (S. L. Wheeler, of counsel,) for respondent.

HERRICK, J. This case should be affirmed upon the opinion of the court below. Both parties having appealed, the case is affirmed without costs to either.

---

(69 Hun, 455.)

## FARRELL v. HILL.

(Supreme Court, General Term, Third Department. May 9, 1893.)

COSTS—CLAIM OF TITLE TO REAL ESTATE.

Where the answer in an action for trespass on real estate alleges as a defense title in a third person, under whom defendant was acting, it will be deemed controverted without a reply, as provided by Code Civil Proc. § 522, since it does not set up a counterclaim, and therefore a claim of title to real estate arises on the pleadings, within Code Civil Proc. § 3228, subd. 1, and a judgment for plaintiff, though for less than $50, entitles him to costs.

Appeal from special term, Saratoga county.

Action by James W. Farrell against Seth Hill. There was a verdict for plaintiff for $5, which the court increased to $15, and judgment was entered thereon. From an order retaxing costs in favor of plaintiff, defendant appeals. Affirmed.

The following opinion was delivered at special term by Mr. Justice PUTNAM, on the retaxation of costs:

The plaintiff, in his complaint, alleged that on March 25, 1892, he was duly possessed and in occupation of the house and premises described, and that defendant wrongfully and unlawfully trespassed and tore up carpets and oilcloths, and removed chairs and tables, and otherwise, unlawfully and wrongfully, ransacked and despoiled said house. Defendant, for answer, (1) denied the material allegations of the complaint; and (2) set up that one Seymour Colson and wife were the owners in fee and possessed of the said premises, and entitled to the right of immediate and actual possession thereto, and were removing their furniture to said dwelling house, as they had a lawful right to do, and, finding in said house some furniture, goods, and chattels unlawfully therein, necessarily and carefully removed them from said house, and that defendant, at the request of said Colson, assisted him in such re-

moval, as he had a lawful right to do. Plaintiff on the trial obtained a verdict for $5, which, by order of the court, was increased to $15, by virtue of the provisions of section 1669 of the Civil Code. Before the clerk, on the taxation of the costs, each party claimed to recover of the other the costs of the action. The clerk awarded the costs to the defendant. This motion is made by the plaintiff to review the action of the clerk; plaintiff insisting that he is entitled to recover the costs of the action, although the recovery was less than $50, under the provisions of subdivision 1, § 3228, Civil Code, on the ground that a claim of title to real property arose upon the pleadings. No certificate is produced that a claim of title to real property in fact arose upon the trial. If, under the provisions of the Code, a reply were required where the answer set up an affirmative defense not constituting a counterclaim, and the plaintiff, in this case, replying to the allegations contained in the answer as to the title of Seymour Colson and wife to the premises in question, had denied such allegation, it would not be doubted but that a claim of title to real property arose on the pleadings. Dinehart v. Wells, 2 Barb. 432. But, inasmuch as the answer did not contain a counterclaim, no reply was required, and the allegation setting up title in the Colsons is to be deemed controverted by the plaintiff. Section 522, Civil Code. To the allegation of the defendant, asserting the title of Seymour Colson and wife to the premises in question, the statute interposes a denial on the part of the plaintiff. The statute created a legal issue as to the Colson title. Coming down to the trial on such pleadings, defendant would be compelled to prove his allegation of title just the same as if a reply were served, denying such allegation. I think, therefore, where a defendant pleads title, which by statute is deemed denied by the plaintiff, a claim of title to real property arises upon the pleadings. The question raised in this case was settled in this district long since, in the case of Lillis v. O'Conner, 8 Hun, 280. The action was assault and battery, and the defense was (1) general denial; and (2) son assault demesne; (3) justification in defense of defendant's possession of his own property. Justice Bockes gave the opinion of the general term, and, referring to Dinehart v. Wells, supra, remarked: "Under the Code, no reply to the defendant's answer was admissible, (Code, § 153,) and the third defense was to be deemed controverted by the adverse party as upon denial or avoidance, (section 168.) The two cases are therefore precisely alike, as regards the pleading. Thus, in the case in hand, according to the decision in Dinehart v. Wells, and in legal logic, a claim of title to real property was raised on the pleadings. The defendant tendered the issue by his answer. A reply was inadmissible; but the new matter interposed as a defense was, by the Code to be deemed controverted, 'as upon a direct denial or avoidance.' Section 168." The above authority, I think, has not been questioned, but is referred to in Lynk v. Weaver, 128 N. Y. 177, 28 N. E. Rep. 508, and must be deemed to settle the law in accordance with the views above suggested. The case of Lynk v. Weaver, supra, referred to by counsel for defendant, is not parallel to the case before us. In that case the plaintiff, in his complaint, claimed title to the premises described. The answer contained no denial of his title, and the court held that where, "viewing all the pleadings, there is no issue or dispute about the title, in no legal sense can it be said that a claim of title arises upon the pleadings. The phrase has reference to a case where both parties in the pleadings claim the title, or where one claims it, and the other disputes it." In the case before us the defendant pleaded title in the Colsons. The allegation is deemed denied by the complaint, thus raising a direct issue upon the claim of title. Of course, under the provisions of subdivision 1, § 3228, Civil Code, where an issue as to a claim of title to real estate is thus raised by the pleadings, the plaintiff, recovering any judgment, is entitled to costs, without any certificate, and although in fact no evidence was offered on the trial on the question of title. An order should be entered directing retaxation of costs, and that the clerk, on such retaxation, allow to plaintiff the costs of the action, with $10 costs of this motion.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Miner & Hill, for appellant.
Charles M. Davison, for respondent.

HERRICK, J. I think this case should be affirmed, with costs and disbursements, on opinion of special term.

MAYHAM, P. J., concurs. PUTNAM, J., not acting.

---

(69 Hun, 168.)

COCHRAN et al. v. ANGLO-AMERICAN DRY DOCK & WAREHOUSE CO. et al.

(Supreme Court, General Term, Second Department. May 8, 1893.)

1. CORPORATIONS—MORTGAGE BONDS—DEPOSIT AS COLLATERAL—BIDDING IN BY CREDITOR—ASSIGNMENT—RIGHTS OF ASSIGNEES.

The officers of a corporation, contrary to the action of its trustees, settled a mortgage held against it by a trust company by giving its note for the amount due and depositing certain mortgage bonds as collateral, and authorizing the trust company to sell the same at public or private sale without notice. After notice to the corporation and public advertisement, the trust company bid in the bonds at a sale, which a referee found was not fairly conducted. The latter also found that the trust company agreed before the sale to give the mortgagor an opportunity to redeem the bonds after the sale, thereby preventing competition, and enabling such company to buy them at one-eighth their value. *Held*, that assignees of such bonds and of the debt they were deposited to secure were entitled to receive from the proceeds of a sale of the mortgaged property only the amount of such debt, and not the amount due on the bonds.

2. SAME—INSOLVENCY AT TIME BONDS WERE ISSUED—VALIDITY OF BONDS.

The fact that at the time such bonds were issued the corporation was insolvent does not render the bonds void, where it appears that they were given in fair business transactions of which it received the benefits, with the obvious purpose of saving the company if possible, and it has never offered to rescind or restore the benefits received.

3. SAME—FORECLOSURE—INTERVENTION BY STOCKHOLDERS—REFERENCE.

Where, in an action to foreclose the mortgage given to secure such bonds, the corporation fails to defend, and stockholders are permitted to intervene and contest as to the amount due, and the case is referred for the purpose of ascertaining such amount, the referee should take testimony as to the actual merits of all claims for which all the bonds issued were held, irrespective of the admissions of such company through its trustees.

Appeal from special term, Kings county.

Action by Thomas Cochran and William M. Flannagan, trustees, against the Anglo-American Dry Dock & Warehouse Company, to foreclose a mortgage given by defendant to secure certain bonds, in which William F. Buckley, Ira N. Stanley, and Richard Gurney, stockholders of defendant, were permitted to intervene, and defend as to the amount due. From a judgment overruling their exceptions to the report of the referee, and entering judgment thereon, plaintiffs, and Buckley and Stanley, interveners, appeal. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Birdseye, Cloyd & Bayliss, for plaintiffs.

Bergen & Dykman, (William N. Dykman, of counsel,) for Ira M. Stanley.