(81 App. Div. 324.)

## HILL v. McMAHON.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. TRIAL—JUDGMENT—COSTS—STATUTES.

　　Code Civ. Proc. § 3228, provides that a plaintiff shall be entitled to costs on final judgment in his favor in an action, triable by jury, to recover real estate, or an interest therein, or in which a claim of title to realty arises on the pleading. Section 1207 provides that a plaintiff may have any judgment consistent with the complaint. Section 1639 points out the requisites of a complaint in an action to compel a determination of a claim to real estate. In an action for trespass on realty, the answer denied plaintiff's title, and set up title in defendant. The complaint did not contain allegations such as pointed out in section 1639. The jury, in answer to questions, found that no trespass had been committed, but that the premises belonged to the plaintiff. No other verdict was rendered, and a judgment was rendered for plaintiff, that defendant be barred from any estate in the premises. *Held,* that plaintiff was not entitled to costs, since no final judgment in her favor was warranted, owing to the fact that there was no trespass, and her complaint was not such as to entitle her to the judgment rendered.

**2. SAME—JUDGMENT FOR DEFENDANT—DISMISSING COMPLAINT.**
     In an action for trespass on real estate, the complaint alleged tres-
     passes between February 13, 1898, and August, 1901. The jury found,
     in answer to a question, that defendant committed no trespass after
     February 3, 1899, and that plaintiff owned the property. No other verdict
     was rendered. *Held,* that the question answered covered only a portion
     of the time, and hence there was not sufficient in the special verdict to
     justify a judgment for defendant, dismissing the complaint.

**3. SAME—MISTRIAL.**
     There having been no verdict for plaintiff for any damages, and no
     sufficient special verdict for defendant, there was a mistrial, and a judg-
     ment that defendant be barred from any estate in the premises should
     be vacated.

Appeal from Special Term.

Action by Mary A. Hill against Nicholas McMahon. From an
order denying defendant's motion to amend the judgment, and from an
order directing taxation of costs for plaintiff, defendant appeals. Re-
versed.

Argued before PARKER, P. J., and KELLOGG, CHASE, and
CHESTER, JJ.

Frederick Fraser, for appellant.
Abner Robertson, for respondent.

CHESTER, J. The action is for a trespass on land. The com-
plaint is in the usual form. It alleges, first, that the plaintiff since the
13th day of February, 1898, has been, and still is, the owner and in pos-
session of certain premises described therein; and, second, that the
defendant between the 13th day of February, 1898, and the 1st day of
August, 1901, at many and various days wrongfully entered upon such
premises, and without the leave of plaintiff did cut down and carry away
a number of trees, of the value of $150, and damaged plaintiff's lands
to the amount of $25. A money judgment for treble damages, $525,
is demanded. The answer is a general denial, and also an allegation
that the defendant at all the times mentioned in the complaint was the
owner and in possession of the land upon which the acts alleged as
trespasses in the complaint were committed.

Upon the trial certain questions were submitted by the court to the
jury and answered, as follows:

"Did the defendant cut timber on the disputed premises after February 3,
1899? Ans. No. If defendant so cut timber, what was its value? Ans.
Nothing. Does the disputed premises belong to the plaintiff? Ans. Yes."

There was no verdict other than the answers to these interroga-
tories.

Thereupon the plaintiff's attorney entered with the clerk a judgment
that the defendant be forever barred from all claim to any estate in
the premises mentioned in the complaint, and for costs of the action
in plaintiff's favor and against the defendant. On taxation the clerk
disallowed costs against the defendant. The plaintiff's attorney then
moved at a Special Term held by the justice before whom the case
was tried for a retaxation of costs. A counter motion was made by
the defendant's attorney to amend the judgment by inserting therein
a clause adjudging that the plaintiff's claim against the defendant for

cutting timber on the disputed premises be dismissed upon the merits, and that the defendant shall recover his costs against the plaintiff. Both motions were heard together. The court made an order denying the motion to amend the judgment, and an order directing the clerk to tax full costs in favor of the plaintiff and against the defendant. From each of these orders the defendant has appealed.

The Code of Civil Procedure provides, in section 3228, that:

"The plaintiff is entitled to costs of course upon the rendering of a final judgment in his favor in * * * an action triable by a jury, to recover real property, or an interest in real property, or in which a claim of title to real property arises upon the pleadings."

The defendant not only denied the allegation of the complaint that plaintiff was the owner of the premises in question, but alleged affirmatively in his answer that he (the defendant) was the owner. It is clear, therefore, that a claim of title to real property arose on the pleadings. Farrel v. Hill, 69 Hun, 455, 23 N. Y. Supp. 402. The action was also triable by jury. But these facts alone are not sufficient to carry costs. There must also be a final judgment in plaintiff's favor, to entitle her to costs. There is nothing here to justify such a judgment. The complaint simply states a cause of action to recover damages for an alleged trespass. The jury have not found that any trespass was committed, and there is no verdict for the plaintiff for any damages. The plaintiff's attorney has assumed that the answer of the jury that the disputed premises belong to the plaintiff was to be regarded as a verdict for the plaintiff, and has upon that alone entered the judgment in question. But she was entitled to no judgment inconsistent with the case made by the complaint and embraced within the issue. Code Civ. Proc. § 1207. The judgment entered is appropriate only to a cause of action to compel a determination of a claim to real property, but the complaint does not state such a cause of action. Id. § 1639. And the judgment is not consistent with the alleged cause of action for trespass. I think, therefore, that the plaintiff's attorney had no right to enter the judgment he did; that plaintiff, therefore, has no legal right to costs; and that the clerk correctly refused to tax her costs.

Nor do I think, on this record, that the defendant is entitled to have the judgment amended to provide for the dismissal of the plaintiff's claim on the merits, with costs against the plaintiff. The special verdict is not sufficient to justify it, and there was no general verdict for the defendant. A special verdict must contain all the facts necessary to sustain the judgment. Casey v. Dwyre, 15 Hun, 153; People v. Williamsburgh Turnpike & Bridge Co., 47 N. Y. 586. The only fact to support a judgment favorable to the defendant contained in the special verdict is that the defendant did not cut timber on the disputed premises after February 3, 1899. The complaint alleges that between the 13th day of February, 1898, and the 1st day of August, 1901, the defendant on many and various days wrongfully entered plaintiff's premises and cut and carried away timber. The answer denies this, and thus the issue is framed. The question answered by the jury covers only a portion of this time. So there is not sufficient in the special verdict to justify a judgment for the defendant, dismissing the complaint, or the plaintiff's claim, upon this issue. There being no verdict

for the plaintiff for any damages, and no general verdict for the defendant, there was a mistrial, and the judgment entered should be vacated.

Both orders appealed from should be reversed, without costs of appeal to either party, and with leave to either party to apply to the Special Term to vacate the judgment. All concur.