CAMERON-HAWN REALTY COMPANY, Respondent, *v.* THE CITY OF ALBANY, Appellant.

Contract — construction of contract for paving a street — when contractor should be held to strict compliance with terms of contract as to making repairs, although defects resulted from defective plans of municipality.

1. It is a general rule, subject only to specific exceptions, that a court will neither make nor modify contracts nor dispense with their performance. When a party by his own contract creates a duty or charge upon himself he is bound to a performance of it, because he promised it, and did not shield himself by proper conditions or qualifications.

2. A paving contract provided that the prices payable by the defendant were not only for the laying of the pavement, but also for maintaining it for a period of ten years from the date of its acceptance by the defendant, and the plaintiff expressly agreed that through that period it would maintain the pavement by making the repairs and furnishing the materials necessary to keep it in the prescribed condition; that it should not show any wear greater than is usual with block pavements of the best quality under equally heavy traffic, and on plaintiff's default therein the defendant should have the right to maintain it and charge the expense thereof to the plaintiff, and further agreed that the defendant should retain, through the first two years of the period, from the contract price a sum not to exceed five per cent of it as a guaranty that the plaintiff would keep such agreement, and might pay from it the expense of the maintenance, if the plaintiff failed so to do. *Held*, that the fact that the pavement was constructed in strict accordance with the contract, but that it was not suitable for the street upon which it was used, and that the defects resulted from the defective plan provided by the defendant does not excuse plaintiff from its agreement to repair. (*MacKnight Flintic Stone Co.* v. *Mayor*, etc., *of N. Y.*, 160 N. Y. 72, distinguished.)

*Cameron-Hawn Realty Co.* v. *City of Albany*, 146 App. Div. 896, reversed.

(Argued January 17, 1913; decided February 25, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered October 4, 1911, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Arthur L. Andrews* for appellant. The plaintiff was not relieved from its obligation to maintain the pavement by reason of anything in the specifications or contract or by any act of defendant. (*People ex rel. Hall* v. *Mahar*, 56 Hun, 81; *Riley* v. *City of Brooklyn*, 46 N. Y. 444.) Defendant was entitled to apply the five per cent to the expense of maintenance and to recover the amount expended in excess thereof. (*McMahon* v. *Second Avenue*

*R. R. Co.*, 75 N. Y. 231; *Mayor, etc.*, v. *Second Avenue R. R. Co.*, 102 N. Y. 572.)

*Frederick W. Cameron* for respondent. The specifications having been prepared by the city, and containing a detailed plan from which the contractor had no right to depart, the contractor is not to be deemed the guarantor of the sufficiency of the plans and specifications to produce the result desired, and his contract is performed if he has furnished the materials and done the work according to the plans and specifications, and thus made as good a pavement as the plans and specifications permit. (*MacKnight Flintic Stone Co.* v. *Mayor, etc.*, 160 N. Y. 72; *Gearty* v. *Mayor, etc.*, 171 N. Y. 61; *Rosenblum* v. *New York Butchers' Co.*, 61 Misc. Rep. 263; *Cameron-Hawn Realty Co.* v. *City of Albany*, 134 App. Div. 722; *Tide Water Building* v. *Hammond*, 129 N. Y. Supp. 355.)

COLLIN, J. In April, 1905, the plaintiff, a corporation, and the defendant entered into an elaborate and detailed contract providing for the construction and maintenance by the plaintiff of a pavement on South Pearl street in the city of Albany. We will refer to those provisions only of the contract which the determination of the issue presented by the record requires us to consider. The construction of the pavement in full conformity with the requirements of the contract is conceded. The contract, however, throughout its provisions, contemplated and provided that the prices payable by the defendant were not only for the laying of the pavement, but also for maintaining it for a period of ten years from the date of its acceptance by the defendant. And the plaintiff expressly agreed that through that period it would maintain the pavement by making the repairs and furnishing the materials necessary to keep it in the prescribed condition, that it should not show any wear greater than is usual

with block pavements of the best quality under equally heavy traffic, and in plaintiff's default therein the defendant should have the right to maintain it and charge the expense thereof to the plaintiff or its sureties; and further agreed that the defendant should retain, through the first two years of the period, from the contract price a sum not to exceed five per cent of it as a guaranty that the plaintiff would keep such agreement, and might pay from it, however, the expense of the maintenance, if the plaintiff failed to do so. The pavement was completed by the plaintiff and accepted by the defendant December 4, 1905. The defendant retained from the contract price the five per cent, viz., $2,491.79, which the plaintiff has recovered in this action brought after the termination of two years from December 4, 1905. The facts that the plaintiff refused and failed to maintain the pavement, and that the defendant expended, within the two years, for the work and materials necessary to such maintenance a sum greater than $2,491.79 are not in dispute. The legality of the contractual provisions for the maintenance rests upon the statute and is not questioned. (Laws of 1883, chap. 298, title X, sect. 3, as amended by Laws of 1894, chap. 631.) The plaintiff bases its right to recover the five per cent upon those provisions of the contract which fixed the size and dimensions of the asphalt blocks of which the plaintiff was to construct the pavement, the ingredients of their component parts and the quality and proportions thereof and the nature and form of the foundation upon which and the manner in which they were to be laid. It asserts and argues that, having constructed the pavement in strict accordance with the contract, it is not bound by its agreements to maintain and repair it, and to permit the defendant to expend the five per cent as necessary in making good its default. It invokes a finding of the referee that asphalt block was not suitable for the pavement of the street upon which it was used, and asserts that the defects which it

refused to repair resulted from the defective plan provided by the defendant, and it, having carried out the plan, was not obligated to remove them.

The contract establishes and determines the rights and the liabilities of the parties. Their agreements create the obligations they are bound to fulfill and the court to enforce and fix the scope and limits thereof. The courts frequently have the additional duty of ascertaining and declaring by their judgments what the parties to a contract have in fact agreed upon — what their intendments as expressed in the contract were, by interpreting their ambiguous, inconsistent or inadequate expressions. In the present case the expression of the agreements under consideration is full and clear and its meaning indubitable. The plaintiff agreed to keep the pavement in the stipulated condition of repair and soundness through the period of ten years. It agreed that if it neglected or refused to so do, the defendant might effect that result and pay the expense thereof out of the five per cent retained by it.

It is a well-settled rule of law that a party must fulfill his contractual obligations. Fraud or mutual mistake, or the fraud of one party and the mistake of the other, or an inadvertence induced by the one party and not negligence on the part of the other, may relieve from an expressed agreement, and an act of God or the law or the interfering or preventive act of the other party may free one from the performance of it; but if what is agreed to be done is possible and lawful the obligation of performance must be met. Difficulty or improbability of accomplishing the stipulated undertaking will not avail the obligor. It must be shown that the thing cannot by any means be effected. Nothing short of this will excuse nonperformance. The courts will not consider the hardship or the expense or the loss to the one party or the meagreness or the uselessness of the result to the other. They will neither make nor modify contracts nor dispense

with their performance. When a party by his own contract creates a duty or charge upon himself, he is bound to a possible performance of it, because he promised it, and did not shield himself by proper conditions or qualifications. (*Harmony* v. *Bingham*, 12 N. Y. 99; *Tompkins* v. *Dudley*, 25 N. Y. 272; *Ward* v. *H. R. Bldg. Co.*, 125 N. Y. 230; *Soley & Sons* v. *Jones*, 208 Mass. 561; *Rowe* v. *Peabody*, 207 Mass. 226; *School District No. 1* v. *Dauchy*, 25 Conn. 530; *School Trustees of Trenton* v. *Bennett*, 27 N. J. L. 513.) There are classes of cases in which this principle is not applied. It is not applied to executory contracts for personal services (*Wolfe* v. *Howes*, 20 N. Y. 197; *Spalding* v. *Rosa*, 71 N. Y. 40), nor for the sale of specific chattels (*Dexter* v. *Norton*, 47 N. Y. 62; *Dolan* v. *Rodgers*, 149 N. Y. 489), nor for the use of particular buildings. (*Taylor* v. *Caldwell*, 3 Best & Smith, 826.) There is in the nature of contracts of those classes an implied condition that if the person or thing shall not be in existence at the time stipulated for performance it shall not be required. And in the case of every contract there is an implied undertaking on the part of each party that he will not intentionally and purposely do anything to prevent the other party from carrying out the agreement on his part. (*Patterson* v. *Meyerhofer*, 204 N. Y. 96.)

The present case is not within any class of the excepted cases and the plaintiff does not claim that the defendant prevented it from making the needed repairs. The possibility of defects in the pavement, arising through its use after completion, was foreseen by the parties and express provision for their repair was made in the contract, whereby the plaintiff unqualifiedly agreed that the defendant might apply the five per cent to making the repairs, if the plaintiff failed so to do. Pursuant to that agreement, the defendant has made the repairs and expended the five per cent in doing so and the plaintiff is not entitled to have it paid to it.

The plaintiff relies strongly upon *MacKnight Flintic Stone Co.* v. *Mayor, etc., of N. Y.* (160 N. Y. 72). The principle applied to the facts of that case is not applicable to the facts of this. It would be applicable if the contract had provided that the plaintiff should construct the pavement, which would remain sound and perfect through the period of ten years, by following the requirements and plan contained in the contract. Under such a provision the defendant would have taken upon itself the risk of those requirements and plan effecting a pavement which would remain thus sound and perfect. The contract, however, expressed the understanding of the parties that the pavement might, under use, forthwith show unsoundness or become defective.

The judgment should be reversed and a new trial ordered, costs to abide the event.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, CHASE and HOGAN, JJ., concur.

Judgment reversed, etc.