(84 Misc. Rep. 572)

CITY OF NEW YORK v. BROOKLYN ALCATRAZ ASPHALT CO. et al.

(Supreme Court, Trial Term, New York County.   March, 1914.)

1. MUNICIPAL CORPORATIONS (§ 368*)—PAVING—CONTRACTS—CONSTRUCTION.

Where a street paving contract with the city provided a guaranty for five years, required repairs, and that, just prior to the expiration of the guaranty period, the entire work should be inspected, and, if any blocks should be found to be disintegrated, broken, or otherwise damaged, they should be replaced, the contract would be construed as guaranteeing only against defects arising through faulty performance of the work.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 901; Dec. Dig. § 368.*]

2. MUNICIPAL CORPORATIONS (§ 368*)—STREET PAVING CONTRACT—CONSTRUCTION—BREACH—DAMAGES.

Where a street paving contract only bound the contractor to repave the street at the end of a five-year guaranty period, in case the same became necessary, because of faulty original performance of the work, and not at all events as claimed by the city, the latter was not entitled to recover damages for the contractor's failure to make repairs involving replacement of the paving at the end of that period, in the absence of proof that it was rendered necessary through faulty workmanship or the use of defective materials in the laying of the original pavement.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 901; Dec. Dig. § 368.*]

Action by the City of New York against the Brooklyn Alcatraz Asphalt Company and others, to recover for repairs made to pavement.   Judgment for defendants.

Frank L. Polk, Corp. Counsel, of New York City (Frank G. Pearce, of counsel), for plaintiff.

Kellogg & Rose, of New York City (L. Laflin Kellogg, of New York City, of counsel), for defendants.

ERLANGER, J.   The plaintiff has brought this action to recover upwards of $10,000 for repairs made by it to the pavement of a part of Livingston street, in the borough of Brooklyn; such repairs having involved a practical replacement of the paving work done by the defendant the Brooklyn Alcatraz Asphalt Company under its contract, completed in the month of August, 1907.

[1] The claim is based upon the asserted obligation of the defendant contractor to repave the street surface, if necessary, at the end of

*For other cases see same topic & § NUMBER in Dec & Am. Digs. 1907 to date, & Rep'r Indexes

five years, after completion of the original work under this paving contract, the "maintenance" clauses of which were framed as follows:

"(BB) The contractor shall immediately repair and make good to the satisfaction of the engineer, any disintegration, cracks, bunches, levees or settlement or any depressions in the pavement that shall measure more than three-eighths (⅜) of an inch from the under side of a straight edge, four (4) feet long, which shall occur at any time during the period of five years from the date of the acceptance of the whole work, when notified so to do by the president, by a written notice to be served on him, either personally or by leaving said notice at his residence or with his agent in charge of the work, and in case of failure or neglect on his part so to do within forty-eight hours from the date of the notice, then the president shall have the right to purchase such materials as he shall deem necessary, and to employ such person or persons as he shall deem proper, and to undertake and complete said repairs, and to charge the expense thereof against any sum of money retained by the city, as herein provided, or to the contractor and his sureties, and the contractor or his sureties shall pay all such expense to which the president may have been put by reason of the neglect of the contractor to make such repairs as aforesaid."

"(EE) Just previous to the expiration of the guaranty period the entire work shall be inspected, and if any blocks shall have become disintegrated, broken or otherwise damaged, they shall be replaced with new. If any bunches, depressions or unevenness in the surface of the pavement shall exist, so as to show a variation of ⅜ of an inch under a four-foot straight edge, the blocks shall be taken up and relaid, so that the pavement shall form a true and smooth surface, provided that if any blocks shall be so worn as to be less than 1½ inches in diameter they shall be replaced with new blocks. All blocks that are more than 1½ inches in thickness can be relaid. Whenever any defects are caused by failure of the foundation, the pavement, including such foundation, shall be taken up and relaid in accordance with the specifications."

In my opinion, a recovery is properly resisted upon the ground that the plaintiff has failed to give proof that the conditions which rendered it necessary to repave arose through faulty workmanship or the use of defective material in the course of the performance of the contract when the pavement was originally laid. No duty upon the contractor's part to repave at the end of the five year period, for every cause, is directly expressed in the clauses of this contract above quoted, upon which the action proceeds; and, while the words employed might generally be broad enough to suggest such a duty, their operation must be taken as restricted to a guaranty by the contractor against defects arising by virtue of faulty performance of his work; otherwise the contract would have involved a double expense for paving (presumably reflected in the bid) beyond the powers of the city to incur for the account of abutting owners subject to assessment. Greater N. Y. Charter (Laws 1901, c. 466) § 948; People ex rel. North v. Featherstonhaugh, 172 N. Y. 112, 64 N. E. 802, 60 L. R. A. 768. The contract before me is open to this interpretation, precisely as was the particular form of contract discussed in the case above cited, and so interpreted, conformably to the presumption of the legality of official acts, it affords no basis for the award of judgment to the plaintiff upon the proof furnished at the trial. That a similar contract, relating to street paving in the city of Albany, was given an interpretation sufficiently broad to cover an obligation of the contractor to repave at the end of the maintenance period, without regard to the original

work (Cameron-Hawn Realty Co. v. City of Albany, 207 N. Y. 377, 101 N. E. 162), does not affect the authority of the North Case, as applied to the present contract. As I have noted, the law which regulates the authority of the city of New York in the matter of its fiscal arrangement for paving work calls for the restricted interpretation of such a contract, which, under like statutory provisions, the court found to be permissible as well as necessary to uphold the contract itself, when directly attacked by a taxpayer in the North Case. No such situation was presented in Cameron-Hawn Realty Co. v. City of Albany, supra, since it was fully competent to the municipal authorities to make a present contract covering future repavement, by virtue of the authority directly granted by the charter of that city (Laws of 1894, c. 631), and the contract was open to a construction accordingly, within the broad scope of the language employed.

In this view of the case it is unnecessary to discuss the plaintiff's proof of damages, involving the question of identity between the specifications of the contract in suit and those upon which the work of completion was based, nor the proof of notice to the contractor. I do not find sufficient merit in the defense of an alteration of the subject-matter of the contract to support a dismissal of the complaint upon the merits. The gist of this defense is that the "maintenance" provisions of the contract were canceled by implication, because, as to part of the paving, the contractor was directed by the city's engineer to raise the level of the pavement through resort to an expedient in the use of mortar to fill in the base, instead of concrete, as planned to form the base generally, with the result that the pavement so constructed was not of the durable character to which these maintenance clauses were originally framed to apply. It appears to be a sufficient answer to this contention that the work referred to was paid for as extra work under the contract, pursuant to the form of requisition adopted with the contractor's consent, and that the defendant never suggested, during the whole maintenance period, that the duty to maintain this part of the pavement had been discharged by modification of the contract. On the contrary, that duty was directly recognized by the observance of notices to make repairs during the period, importing a practical understanding that there had been no attempted change in the agreed conditions, and that the contractor, when accepting the order to alter the base of the pavement, acted with knowledge that the terms of the contract could not lawfully be thus modified by the official at whose instance the work was done.

[2] My ruling is that the defendants are entitled to a nonsuit for failure of proof upon the part of the plaintiff, with respect to the necessary fact of the defendant contractor's faulty performance of the main work, upon which fact the right to charge the defendants for the cost of repaving at the end of the maintenance period must depend.

Judgment accordingly.