### WAIVER OF BUILDING CONTRACT GUARANTY.

Court of Appeals for Hamilton County.

LOVE, PIKET & NULSEN CO. V. ESTELLA JEROME.

Decided, March 9, 1916.

*Building Contracts—Insistence on Compliance with Specifications—Amounts to a Waiver of Guaranty, When.*

Where a building contractor proposes to comply with his guaranty, but in order to do so must disregard an impossible provision of the specifications, the owner by insisting on compliance with the specifications waives the guaranty.

*Littleford, James, Ballard & Frost,* for plaintiff in error.
*Carl Lehmann* and *Pogue, Hoffheimer & Pogue,* contra.

SAYRE, J.

Plaintiff in error, after the contract had been made and entered into and the work commenced, discovered that the rooms could not be heated to the required temperature if the plans and specifications were complied with. So it undertook to install a heating system not in accordance with the plans and specifications. Upon discovery of this change the owner demanded to know the reason therefor, and was informed of all the facts and that the change would not be any more expensive to her. She thereupon directed the contractor to furnish the heating system called for, according to the plans and specifications, which was done.

We have no quarrel with the principle announced in *Cameron-Hawn Realty Co.* v. *Albany,* 207 N. Y., 377; *Lake View City* v. *MacRitchie,* 134 Ill., 203.

The plaintiff in error having agreed to heat the rooms to a temperature of seventy degrees F. H. during the coldest winter weather with water not over one hundred and eighty degrees was bound to do so under the contract.

If the heating apparatus had been installed, without question between the owner and contractor, in strict compliance with the specifications and it would not have heated the rooms as required, then the case would have been clearly controlled by the rule announced in the two cases above referred to. But beyond question there is in the case under consideration a different state of facts from those reported in those cases. In our case the contractor undertook to furnish the equipment which would have supplied the required temperature. It undertook to comply with its guaranty, notwithstanding the specifications. This important fact is not found in the cases referred to.

The plaintiff in error had undertaken to comply with the specifications and to furnish the required temperature—an impossible task. It could not do both. It must do one or the other. It chose to do the essential thing, to-wit: to install a heating system which would furnish the required temperature. Here the owner interfered. The same question was then before her. She could not require of the contractor an impossible thing. She must elect to require either a strict compliance with the specifications and take the chances of the heating equipment, constructed according to the specifications, being able to furnish the required temperature or to require that the heating system be installed so as to furnish the required temperature, the plans and specifications to the contrary notwithstanding. She chose the former. By such choice she waived the latter.

It has been said that the contractor, when it discovered that the contract could not be complied with, should have refused to go on with it, or have secured a modification of it. But the contractor was bound to go on with the contract and had no right

to refuse to go on with it, and the only modification which it could have secured was with the consent of the owner and she ordered a compliance with the specifications, which was a refusal to modify the contract.

The judgment of the court of common pleas will be reversed, and this cause remanded to that court for a new trial.