Sears, J.
The contracts upon which this action is based were for the sale by the plaintiff to the defendant, f. o. b. Pittsburg, of steel plates thereafter to be rolled. The defendant intended to export the plates to Japan, and this intention was known to the plaintiff. After the first contract was entered into, and before the second contract was agreed upon, a statute of the United States was enacted, under the provisions of which an executive order was issued after the date of both contracts, making the export of such articles to Japan invalid, except under license from the export and administrative board established by the executive order. The defendant endeavored to obtain such a license, but was unable to secure one, except a license which was entirely ineffective, because of the dates of performance specified in the contract. The statute and the embargo declared thereunder did not prevent the plaintiff from delivering, or the defendant from receiving, the plates at Pittsburg. It was the export of the plates which was prevented, unless a license could be obtained. *390 In other words, the defendant was prevented from devoting the goods to the purpose for which they were intended, but this is far from rendering the contract incapable of performance within the rule laid down in the authorities: “ It is a well-settled rule of law that a party must fulfill his contractual obligations. Fraud or mutual mistake, or the fraud of one party and the mistake of the other, or an inadvertence induced by the one party and not negligence on the part of the other, may relieve from an expressed agreement, and an act of God or the law or the interfering or preventive act of the other party may free one from the performance of it; but if what is agreed to be done is possible and lawful the obligation of performance must be met. Difficulty or improbability of accomplishing the stipulated undertaking will not avail the obligor. It must be shown that the thing cannot by any means be effected. Nothing short of this will excuse nonperformance. The courts will not consider the hardship or the expense or the loss to the one party or the meagreness or the uselessness of the result to the other. They will neither make nor modify contracts nor dispense wdth their performance. When a party by his own contract creates a duty or charge upon himself, he is bound to a possible performance of it, because he promised it, and did not shield himself by proper conditions or qualifications.” Cameron-Hawn Realty Co. v. City of Albany, 207 N. Y. 377.
The statements of the defendant in the long correspondence between the parties justified the plaintiff in not having the plates rolled. The defendant having expressed an intention not to take the goods, cannot complain of plaintiff’s failure to tender the goods. At all times plaintiff expressed its readiness and willingness to proceed wdth the rolling of the plates, if the defendant would change its position that it would *391 receive and accept the same only on condition that it obtained a license.
There was no breach of the contract on plaintiff’s part. The clause in relation to tests was clearly waived.
Although Mr. Commoss was an interested witness, his testimony was uncontradicted, free from suspicion, and entirely probable. His testimony related solely to the question of damages, upon which defendant introduced no evidence.' The direction of a verdict may be founded on such undisputed evidence. Hull v. Littauer, 162 N. Y. 573.
The defendant’s motion is, therefore, denied.
Motion denied.