SOCONY BURNER CORPORATION, Appellant, *v.* HENRY J. GOLD, Respondent.

Third Department, November 27, 1929.

370

*Whalen, Murphy, McNamee & Creble* [*Charles E. Nichols, Jr.*, of counsel], for the appellant.

*Strong & Golden* [*Arthur S. Golden* of counsel], for the respondent.

HILL, J. The complaint contains two causes of action. The first is to recover the unpaid balance of the purchase price of an oil heater sold to defendant under a written conditional sale contract. It had been installed in defendant's residence. The defense is that the heater was not as warranted because of the noise it made and its failure to furnish sufficient heat. The contract excluded all representations and warranties except as therein contained and provided: " Seller guarantees that if the Buyer complies with all the recommendations of its engineers with respect to Buyer's heating plant, the burner will properly heat the said building." Plaintiff's contention that the words " properly heat the said building " apply to temperature only is not justified. 32 Cyc. (p. 627) defines " proper " as " appropriate, or suitable in all respects; consistent with propriety; appropriate or suited to." The definitions given by both Webster and Bouvier are substantially the same. The sentence quoted has the same meaning as if it

provided that the burner was suitable in all respects for the use to be made of it, which would include the degree of silence necessary for a reasonably comfortable occupancy of the premises. The sentence in the contract which immediately follows the one quoted is, " If said recommendations are not complied with, Seller guarantees only that the burner will furnish heat units sufficient * * *." If the conditions mentioned in the first quoted sentence are complied with, general adaptability is warranted. Even if such conditions are not complied with, the second sentence guarantees the production of sufficient heat. It was not the intention of the parties that plaintiff might furnish a heater so noisy as to render the dwelling uncomfortable. The contract was prepared by plaintiff. If it is ambiguous, it should be construed adversely to the party which prepared it.

The only verdict of the jury was affirmative answers to two questions submitted by the court. One, " Was there a breach of warranty by the seller? "; two, " Did the buyer rescind the sale by notifying the seller within a reasonable time of his election to rescind and by offering to return the burner in substantially as good condition as it was in at the time the burner was delivered? " The first question was an abstract one, and called for a conclusion of law, but there was no objection by counsel. The latter follows the language of subdivision 3 of section 150 of the Personal Property Law, which the attorney for the plaintiff invoked. It did not apply. The parties had contracted as to the terms of the warranty, and this was controlling. (*White Furnace Co.* v. *Miller Transfer Co.*, 131 App. Div. 559.) Defendant was not required to offer to return the burner as the contract stated " if after a fair trial by or in the presence of both parties " the burner did not function, plaintiff was to remove it and pay back the money. By means of a conflagratory fire in the cellar of the defendant's house the burner was destroyed. It was implied in the contract that the burner would be in condition to permit a test in the presence of both parties in order that it might be determined whether it would properly heat the house. Plaintiff in its reply admits that defendant gave it written notice to remove the burner, which had not been complied with. No test had been made before the destruction of the burner, and now the fact whether it was a suitable one, within the terms of the contract, must be established by parol proof. If it was not suitable, the fact that the test is now impossible should not fix liability for the purchase price on the defendant. (*Cameron-Hawn Realty Co.* v. *City of Albany*, 207 N. Y. 377; *Buffalo & L. Land Co.* v. *Bellevue L. & I. Co.*, 165 id. 247; *Stewart* v. *Stone*, 127 id. 500; *Dexter* v. *Norton*, 47 id. 62.)

The main issue was as to the breach of warranty. But other findings were required to justify the entry of judgment dismissing the complaint and in favor of defendant for the amount of money which he had paid on the heater. (*Hill* v. *McMahon, No. 2*, 81 App. Div. 324; *People* v. *Williamsburgh Turnpike & Bridge Co.*, 47 N. Y. 586; *Casey* v. *Dwyre*, 15 Hun, 153.) Before submitting the questions to the jury, the court had denied the motions of defendant for a nonsuit and plaintiff for a directed verdict. If decision had been reserved on either or both of these motions until the jury had returned its answer to the questions, a general verdict could have been directed. (Civ. Prac. Act, § 459.)

The second cause of action is for labor and material in connection with the installation of a temporary heater. It was dismissed by the court. Plaintiff called two of its employees as witnesses. The conversation which one had with the defendant would justify submitting the question of defendant's liability to the jury. The other testified to a conversation from which the inference would be drawn that the insurance company had arranged for the installation of the temporary heater for its own benefit, to prevent further injury to the insured property. Upon the dismissal, the plaintiff was entitled to the most favorable inference which could be drawn.

DAVIS and HASBROUCK, JJ., concur; VAN KIRK, P. J., and HINMAN, J., concur in the result.

Judgment reversed on the law and new trial granted, with costs to appellant to abide the event.