Nat H. Hentel, J.
Previously, I had decided the issue of liability under certain builder’s waterproof guarantees in favor of the plaintiff by my decision of July 13,1972 (70 Mise 2d 658). Subsequently, a hearing was conducted before me for the sole purpose of assessing plaintiff’s damages allegedly incurred as a result of defendant’s breach of the guarantees involved in. that defendant failed to make required repairs in the basement and to the roof of the plaintiff’s residence. Plaintiff’s complaint claims that he advanced $3,500 as a result of such failure in order to effectuate repairs and correct the damages caused by water leakage and seepage.
The guarantees in question state that the defendant, in effect, will hold the plaintiff harmless with respect to the roof “ against leakage due to defective materials and/or installation and with respect to the basement ‘ ‘ against seepage through foundation walls provided the same is not caused by actions of the purchaser. ’ ’ (Italics supplied.)
Plaintiff’s proof establishes that his roof leaked within the guaranteed time from a skylight installed in the flat roof which caused interior ceiling and wall damage to various rooms in the house. Plaintiff’s expert witness, Ralph Sambucci, testified that the skylight had not been properly installed in that its tin flashing had not been nailed down or otherwise securely fastened at its seal edges. This caused rainwater seepage into the interior of the house. To fix the roof skylight flashing, the expert testified would cost $75. For painting the halls inside the building to correct resulting water damage, the expert further testified would cost $200. To repair all water damage to the interior, to install new walls, to repaint the affected rooms, to lay a new basement floor, to caulk all windows, to install a ground level dry well to prevent basement seepage, etc., the expert testified that the reasonable value of the labor and materials involved to make such necessary repairs would come to $2,800. However, the expert never was asked or was able to testify to an itemization of how much it would cost item-by-item, and room-by-room to repair the water damage to the upper floors of the house and for the basement repairs. Strangely enough, Rocco Di Verdi, an officer of defendant corporation, opined that the fair price to repair all the damages described by plaintiff’s expert was in the sum of $2,400. This does not show a wide diversity in opinion on the cost of repairing the damages sustained, which appear not to be controverted; but, the issue is did *412 plaintiff sustain Ms burden of proving that defendant failed to perform pursuant to Ms guarantees ?
Since the court is the trier of the facts and the law in this case, it determines that plaintiff has sustained its burden with respect to the guarantee affecting roof leakage in view of the expert testimony concerning defective installation. What then are the damages for which plaintiff can recover for such roof leakage? Since there was no itemization of fair and reasonable costs room-by-room, ceiling-by-ceiling, wall-by-wall, for repair and repainting, the court cannot speculate as to these costs and can only find in favor of the plaintiff in the total sum of $275.
With respect to the alleged damage caused by basement seepage, tMs presents an interesting question for the court to determine. Plaintiff’s expert witness testified that extensive repairs had to be accomplished because of water damage in which all the basement wood had to be replaced; that a new cement floor would have to be laid; that a new Kentile floor would have to be relaid over the new cement floor; and that an exterior dry well would have to be installed. But, his crucial testimony was that the water seepage causing all of this damage did not come through the foundation walls but through the bach door installed in the basement wall leading to the back yard. This door was level with the ground in the back, and rainwater apparently would collect at the back door and seep through it into the basement.
The question then for the court to decide: Does the guarantee against seepage through the “ foundation walls ” include a door installed thereinf
With respect to the basement guarantee, plaintiff’s brief argues that defendant “ intended to safeguard the purchaser from seepage, whether it came through the foundation or it Game under the door * * * The guarantee * * * must be construed as a covenant to keep in repair for a period of one year the basement * * * in order to prevent leakage and damage.”
With tMs assumed premise, whereby plaintiff seeks to construe the guarantee in question in favor of his position, the court cannot agree. The language of the guarantee is clear— it will warrant the basement free of water seepage “ through foundation walls.” And this the court does not construe to include a door installed in such walls. If the parties intended that the guarantee would be against any and all defects in the construction of the basement or foundation, then the guarantee could have been made so explicit. In fact, the cases which plain *413 tiff cites as supportive of his premise are distinguishable from this case inasmuch as such cases (Russ v. Lake View Development, 133 N. 7. S. 2d 641; Cameron-Hawn Realty Co. v. City of Albany, 207 N. Y. 377; Early v. O’Brien, 51 App. Div. 569) deal with builders' guarantees warranting foundation walls or paving “ against any and all defects ”, or to build a ‘ ‘ waterproof foundation ’ ’. Again, here, the specific guarantee was against seepage through the foundation walls. Nothing was said about seepage through doors or other foundation installations or “ against any and all defects.”
Accordingly, with respect to alleged damage caused by water seepage in the basement, the court finds that plaintiff did not sustain his burden of proving that it was defendant’s failure to perform under his guarantee that caused the basement damage. The basement guarantee must be strictly construed since its language is clear and unambiguous. In this respect, plaintiff’s motion for judgment on the pleadings at the end of the entire case is denied; defendant’s motion to dismiss the complaint at the end of the plaintiff’s case is denied,- and defendant’s motion for a dismissal of plaintiff’s complaint for failure to establish his case by a fair preponderance of the credible evidence at the end of the entire case is granted only as to that portion of the pleadings dealing with the basement guarantee. Anent the basement leakage, it appears to the court that the plaintiff did not seek the proper relief in limiting his action to a breach of the basement guarantee or warranty.
With respect to the roof guarantee, judgment for the plaintiff, as aforesaid, in the sum of $275.